UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

R.L.P. DEVELOPMENT COMPANY, INC.
and BLUE HOSPITALITY, LLC d/b/a
Holiday Inn Express and Suites hotel,

    Defendants.

## COMPLAINT

Plaintiff Ancel Montenelli, by and through his undersigned counsel, hereby files this Complaint and sues Defendant R.L.P. Development Company, Inc. and Defendant Blue Hospitality, LLC d/b/a Holiday Inn Express and Suites hotel (Edwardsville) for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and the Illinois Human Rights Act and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the real property located at 1000 Plumber Drive, Edwardsville, Illinois, 60625 which is within the jurisdiction of this Court.

3. The remedies provided by Illinois Statute §775 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

**Plaintiff Ancel Montenelli**

4. Ancel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

**Defendant Blue Hospitality, LLC**

5. Defendant Blue Hospitality, LLC (also referenced as "Defendant Blue Hospitality") is an Illinois corporation which is authorized to conduct, and is conducting business within the State of Illinois and with the jurisdiction of this court.

6. At all times material hereto, Defendant Blue Hospitality is (and has been) the operator of the Holiday Inn Express and Suites hotel which is located at 1000 Plumber Drive, Edwardsville, Illinois, 60625. Defendant Blue Hospitality's Holiday Inn Express and Suites hotel is the subject of this action and is referenced throughout as "Holiday Inn hotel," "hotel," "Subject Facility," and/or "place of public accommodation."

**Defendant R.L.P. Development Company, Inc.**

7. Defendant R.L.P. Development Company, Inc. is an Illinois corporation which is authorized to conduct, and is conducting business within the State of Illinois and

with the jurisdiction of this court.  Defendant R.L.P. Development Company, Inc. (also referenced as "Defendant Development Company") is the owner of the real property located at 1000 Plumber Drive, Edwardsville, Illinois, 60625. Defendant Development Company leases its real property to Defendant Blue Hospitality, which operates the real property as a franchisee of Holiday Inn, and holds its business out as a "Holiday Inn Express and Suites" hotel.  Defendant Development Company is also referenced throughout as "owner" or "lessor."

## FACTS

8. At all times material hereto, Defendant Development Company has leased its real property to Defendant Blue Hospitality who has utilized the real property as a Holiday Inn Express and Suites hotel.

9. At all times material hereto, the Defendant Blue Hospitality was (and is) an organization owning and operating a hotel under the Holiday Inn Express and Suites franchise (and brand) which is open to the public, of which Defendant Blue Hospitality is a part and which is open to the general public as a public lodging facility.

10. As the owner and lessor to others of a public lodging facility, the Defendant Development Company is defined as a "Public Accommodation" within meaning of Title III because Defendant Development Company is a private entity which owns and leases to others an inn, hotel, motel, or other place of lodging, the Defendant is defined as a "Public Accommodation"; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Illinois Human Rights Act; 775 ILCS 5/.

11. As the operator and lessor of a public lodging facility, the Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant

Blue Hospitality is a private entity which leases and operates an inn, hotel, motel, or other place of lodging, the Defendant is defined as a "Public Accommodation"; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Illinois Human Rights Act.

12. As an operator and manager of a hotel, Defendant Blue Hospitality is subjected to Chapter 775, specifically, regarding discrimination; §775 5/5-101 A(1) (as "an inn, hotel, motel or place of lodging ..").

13. The Holiday Inn hotel has over one hundred rooms which accommodate transient guests (which are the general public) on a year-round basis.

14. On January 25, 2016 while on a business trip to the Edwardsville Illinois area, the Plaintiff desired and procured lodging in Defendant Blue Hospitality's Holiday Inn hotel for a two-day stay.

15. On checking into the hotel, Plaintiff asked for a handicap accessible room. Defendant Blue Hospitality's representative provided Plaintiff with a room which he claimed was handicapped accessible.

16. However on entering the designated handicapped accessible room, Plaintiff discovered that the rolling shower control was installed on the wrong (opposite) wall.

17. The staff at the Defendants' Holiday Inn hotel was unable to honor the Plaintiff's request and stated that they could not provide an alternate handicapped accessible room as the Plaintiff requested. Such failure of provision of the statutorily required handicapped accessible room was tantamount to refusal to do so.

18.     The fact that the rolling shower control was on the wrong wall resulted in Plaintiff's being unable to safely utilize the bathroom/shower facilities for the duration of his stay.

19.     Plaintiff desired to use the hotel's swimming pool, but when he went to the pool area, he discovered that the swimming pool lift was not operational. Since Plaintiff is incapable of getting into or out of a swimming pool without a swimming pool wheelchair lift, the Plaintiff was precluded from using the hotel's recreational / swimming facilities. Thus, Plaintiff was denied access to the hotel's swimming pool because the swimming pool wheelchair lift was not operational.

20.     Plaintiff requested that the swimming pool wheelchair lift be fixed so that he could use the swimming pool, but the staff at the Defendants' Holiday Inn hotel was unable to honor the Plaintiff's request. The failure of Defendant to render the swimming pool wheelchair lift operational was tantamount to their failure to do so.

21.     On information and belief, as the owner and lessor of the franchise Holiday Inn hotel, Defendant Development Company is aware of ADA building requirements and specifications. Defendant Blue Hospitality is the franchise operator under the "Holiday Inn Express and Suites" brand which is a global chain of hotels. Hence, both Defendants have received from the franchise division of "Holiday Inn Express and Suites" information regarding the necessity of compliance with the ADA's requirements for the provision of handicap accessible, ADA compliant hotel rooms and the ADA's requirements for operational swimming pool wheelchair lift. Both Defendants have failed and refused to follow the guidelines and requirements in accordance with the ADA.

22.     On information and belief, Defendants are well aware of the ADA laws and requirements that places of lodging (such as its Holiday Inn hotel) be accessible to individuals confined to wheelchairs.  Therefore, Defendants' failure to reasonably ADA guidelines for providing an accessible hotel room and an operational swimming pool wheelchair lift is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.303(d)(2).

23.     As a result of the lack of ADA accessible facilities, the Plaintiff suffered discrimination at the Holiday Inn hotel and was denied full and equal access at the Holiday Inn hotel, which is a Public Lodging Establishment, which is the subject of this lawsuit.

24.     As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

25.     The Plaintiff is a consultant based out of Chicago and during the regular course of his employment he travels to six states on a continual basis.  In the course of his business as a consultant the Plaintiff travels to Edwardsville several times each calendar quarter and during those trips to Edwardsville, Plaintiff is a customer of lodging facilities. Thus the Plaintiff will travel to Edwardsville in the imminent future, and continues to desire to rent a hotel room at the Defendants' Holiday Inn hotel. However, the Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of the Defendants' Holiday Inn hotel to provide handicapped/wheelchair accessible rooms and an operational the swimming pool wheelchair lift, in violation of the ADA and state statutes.

26.     Any and all requisite notice has been provided.

27. The Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants (jointly and severally) pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 27 herein above.

29. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

30. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

31. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

32. Pursuant to 42 U.S.C. §12181(7)(A) and 28 C.F.R. §36.104, the Holiday Inn hotel is a place of public accommodation in that it is a public lodging establishment open to the public. As a place of public accommodation, Defendants' Holiday Inn hotel is under the requirements of the ADA and must be in compliance therewith.

33. As the owner and lessor (to others) of the property operated as a Holiday Inn hotel, Defendant Development Company is defined as a "Public Accommodation"

8

within meaning of Title III because the Defendant Development Company is an **owner which leases to others** a restaurant; 42 U.S.C. §12182, §12181(7)(A) and the Illinois Human Rights Act, as codified at 775 ILCS 5.

34. As the operator and lessee of a Holiday Inn hotel, Defendant Blue Hospitality is defined as a "Public Accommodation" within meaning of Title III because the Defendant J Holiday Inn is a private entity which owns, **leases, or operates** the Holiday Inn hotel (a public lodging establishment); 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

35. The Defendants have jointly and severally discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Holiday Inn hotel, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

36. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Holiday Inn hotel.

37. Prior to the filing of this lawsuit, the Plaintiff personally visited the public lodging establishment known as Holiday Inn hotel but was denied adequate accommodation by virtue of being unable to safely use the shower in the room he rented, and by being unable to gain access with the use of his wheelchair to all the amenities

9

within the place of public accommodation (specifically, the swimming pool) and therefore suffered an injury in fact.

38. The Plaintiff continues to desire to patronize Defendants' Holiday Inn hotel, but continues to be injured in that he continues to be discriminated against due to the lack of lack of accommodation for disabled individuals confined to wheelchairs, all in violation of the ADA.

39. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

40. The Holiday Inn hotel (which is owned and leased by the Defendant Development Company and leased and operated by the Defendant Blue Hospitality) is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

   i. As to R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee): failure to maintain policies and procedures to ensure compliance with Title III of the ADA and of 28 C.F.R. §36.301; specifically policies that provide equal access to individuals with disabilities to the swimming pool in violation of public accommodations and places of public accommodation, in violation of Section 242.2 of the 2010 ADA

      Standards for Accessible Design (failure to maintain at least two accessible means of entry to swimming pool);

  ii.   As to R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee): denial of equal entry/access to the swimming pool by failing and refusing to maintain the handicap pool lift in working condition, in violation of 28 C.F.R. §36.301, Section 242.2 of the 2010 ADA Standards for Accessible Design;

  iii.  As to R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee): denial of full and equal access to, and full and equal enjoyment of, services, facilities, privileges, and other advantages of the place of public accommodation (swimming pool within the hotel) in violation of 42 U.S.C. §12181(7)(L), §12182(a); 42 U.S.C. §§s 12182(b)(2)(A)(i)-(v), Section 242.2 of the 2010 ADA Standards for Accessible Design.

  iv.  As to R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee): failure to have a fully accessible restroom within the 'handicapped accessible room', in violation of 28 C.F.R. Part 36, Section 9.1.2 (accessible units/sleeping rooms);

  v.   As to R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee): failure to install the rolling shower control on the correct wall of the 'handicapped accessible room', in violation of 28 C.F.R. Part 36, Section 4.21.5 (controls) and Section 608.5.3 of the 2010 ADA Standards for Accessible Design.

41.   Upon information and belief the Defendants are in violation of other provisions of the ADA, and only once a full inspection is done can all said violations be identified.

42. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

43. Pursuant to the ADA, 42 U.S.C. §12181 et seq., and 28 C.F.R. §36.304, the Defendants have been required to make the Holiday Inn hotel (a public lodging establishment) accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

44. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the restaurant to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the hotel until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee) and request the following injunctive and declaratory relief:

a) The Court declare that the Holiday Inn hotel owned and leased by R.L.P. Development Company, Inc. and operated, controlled, and/or administrated by Defendant Blue Hospitality, LLC in violation of the ADA and order the Holiday Inn hotel to be closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) to alter the Holiday Inn hotel to make it accessible to and usable by

individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Holiday Inn hotel;

d) The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e) The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

45. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 27 above.

46. The R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

47. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

48.     The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

49.     R.L.P. Development Company, Inc. owns and leases to others real property which is operated as a Holiday Inn hotel, which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(1) (as "an inn, hotel, motel").

50.     Defendant Blue Hospitality, LLC leases real property which it operates as a Holiday Inn hotel, which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(1) (as "an inn, hotel, motel").

51.      The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

52.     The violations of Illinois law were deliberate and knowing.

53.     Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (operator and lessee) including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a)      A declaration that R.L.P. Development Company, Inc. (owner and lessor) has permitted its lessee, the Defendant Blue Hospitality, LLC to operate

a hotel in violation of the ILHRA and as such R.L.P. Development Company, Inc. (Owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) have violated 775 ILCS 5 et. seq. in that the Defendants (jointly and severally) have failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that R.L.P. Development Company, Inc. (the Owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) (jointly and severally) undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that R.L.P. Development Company, Inc. (owner and lessor) and Defendant Blue Hospitality, LLC (lessee and operator) (jointly and severally) expeditiously make all reasonable and appropriate modifications to the restaurant to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 7th day of February, 2017.

Respectfully submitted,

*s/Scott Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

15